IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| GARY W. HOLDEN, Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 5:18-CV-00010-FL |
| TRIANGLE CAPITAL CORPORATION, E. ASHTON POOLE, STEVEN C. LILLY, and GARLAND S. TUCKER, III, | ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| ELIAS DAGHER, Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 5:18-CV-00015-FL |
| TRIANGLE CAPITAL CORPORATION, E. ASHTON POOLE, STEVEN C. LILLY, and GARLAND S. TUCKER, III | ) ) ) ) | |
| Defendants. | | |

**ORDER**

These cases involving violations of federal securities laws come now before the court on several motions to consolidate, and appoint lead plaintiff and approve counsel. Defendants support

consolidation of the actions.

"If actions before the court involve a common question of law or fact, the court may . . . join for hearing or trial any or all matters at issue in the actions; . . . consolidate the actions; or . . . issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). In ruling on a motion to consolidate the "critical question" is whether the case presents "specific risks of prejudice and possible confusion" and, if so, the magnitude of those risks relative to the "risk of inconsistent adjudications on common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982), reh'g granted and rev'd on other grounds, 712 F.2d 899 (4th Cir. 1983) (en banc).

In the instant matter, the pleadings disclose and the parties agree that the cases arise from the same conduct and seek the same relief on behalf of the same class against the same defendants. See Volvo Const. Equipment North America, Inc. v. CLM Equipment Co., Inc. 386 F.3d 581, 600 (4th Cir. 2004) (discussing mirror image claims consolidated in a single forum). Accordingly, there appears no risk of prejudice or possible confusion resulting from consolidation, and there exists a significant risk that adjudicating the cases separately could result in inconsistent adjudication on identical issues; unnecessary burden on the parties, witnesses, and the court; waste of time; and unjustified additional expense. See Arnold, 681 F.2d at 193. Thus, consolidation is warranted here. In this part the motions are ALLOWED.

Decision on appointment of lead plaintiff and approval of lead counsel will be addressed in order to follow. Therein the court also will address more particularly styling of the case caption,

2

filing procedures, and other consolidation protocols.

## CONCLUSION

For the foregoing reasons, the court GRANTS movants' motions to consolidate and ORDERS that civil action No. 5:18-CV-00015-FL, currently pending in the United States District Court for the Eastern District of North Carolina, is consolidated with the earlier-filed action, No. 5:18-CV-00010-FL.

SO ORDERED, this the 5th day of March, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge

3